# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **RORY MCMILLIN**, on behalf of himself and others similarly situated, | : <br> : <br> : **CASE NO. 2:25-cv-1484** <br> : <br> Plaintiff, : <br> : <br> v. : **DEMAND FOR JURY TRIAL** <br> : <br> **ATKORE INC.**, : <br> c/o The Corporation Trust Company : <br> Corporation Trust Center : <br> 1209 Orange Street : <br> Wilmington, DE 19801 : <br> : <br> Defendant. : |

## PLAINTIFF'S COLLECTIVE ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

Named Plaintiff Rory McMillin, individually and on behalf of others similarly situated, files his Collective Action Complaint against Defendant Atkore Inc. for its failure to pay employees overtime wages, seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.* Named Plaintiff's FLSA claim is brought as a collective action pursuant to 29 U.S.C. § 216(b). The following allegations are based on personal knowledge as to Named Plaintiff's own conduct and are made on information and belief as to the acts of others. Named Plaintiff, individually and on behalf of others similarly situated, hereby states as follows:

### I.     JURISDICTION AND VENUE

1. This action is brought pursuant to the FLSA and 28 U.S.C. § 1331.

2. Venue is proper in this forum pursuant to 28 U.S.C. § 1391, as a substantial part of the events or omissions giving rise to these claims occurred in the Southern District of Ohio, and Defendant has conducted substantial business in the Southern District of Ohio.

## II. PARTIES

### A. Named Plaintiff

3. Named Plaintiff is an individual, a United States citizen, and a resident of the State of Ohio.

4. Named Plaintiff has been employed by Defendant from approximately 2022 through the present.

5. Named Plaintiff has been employed as an hourly, non-exempt employee as defined by the FLSA, most recently in the position of Machine Operator at Defendant's facility in Byesville, Ohio.

6. During his employment, Named Plaintiff worked 40 or more hours in one or more workweek(s).

7. At all times relevant, Named Plaintiff performed non-exempt duties in furtherance of Defendant's business of manufacturing cable, tubing, conduit, and security products.

8. Named Plaintiff's Consent to Join form is filed herewith, pursuant to 29 U.S.C. § 216(b), and attached as **Exhibit A**.

### B. Defendant

9. Defendant is a foreign for-profit corporation.

10. Defendant is a global manufacturer of cables, tubing, wiring, conduit, and other electrical/industrial products.[1] Defendant operates manufacturing facilities across the United States.

11. Defendant currently owns, operates, and/or manages manufacturing/production facilities across the United States.[2]

12. At all relevant times, Defendant has had direct or indirect control and authority over Named Plaintiff and other similarly situated employees' working conditions. At all relevant times, Defendant exercised that authority and control over Named Plaintiff and other similarly situated employees.

13. At all relevant times, Defendant has had direct or indirect control and authority over matters governing the essential terms and conditions of employment for Named Plaintiff and other similarly situated employees at all locations operated and managed by Defendant. At all relevant times, Defendant exercised that authority and control over Named Plaintiff and other similarly situated employees.

14. At all relevant times, Defendant has had the authority to hire and fire employees, supervise and control their work schedules and work conditions, determine their rate and method of pay, and/or maintain employee records.

15. Upon information and belief, Defendant applies or causes substantially the same employment policies, practices, and procedures to be applied to all employees at all of Defendant's manufacturing/production locations, including policies, practices, and procedures relating to the payment of wages, overtime, and timekeeping.

---

[1] *About Us*, ATKORE, https://www.atkore.com/about-us (last visited December 19, 2025).
[2] *Manufacturing & Production*, ATKORE, https://recruiting2.ultipro.com/ATK1000ATKOR/JobBoard/91d94793-e1fd-47e3-9065-5e643ba1c2b1/?q=&o=postedDateDesc&w=&wc=&we=&wpst= (last visited December 19, 2025).

16. At all relevant times, Defendant suffered or permitted Named Plaintiff and other similarly situated employees to work. The work that Named Plaintiff and other similarly situated employees performed was for Defendant's benefit.

17. Defendant was an "employer" of its employees at all its locations as defined herein, and/or for the purposes of the FLSA.

18. At all relevant times, Defendant was an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

19. At all relevant times, Defendant has had an annual gross volume of sales made, or business done, of not less than $500,000 each year.

20. At all relevant times, Defendant has had employees engaged in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or were produced for commerce.

21. Upon information and belief, Defendant, at all times relevant hereto, was fully aware that it was legally required to comply with the wage and overtime laws of the United States.

### III. FACTS

#### A. Unpaid Work Claim

22. Defendant employed Named Plaintiff and other similarly situated production/manufacturing employees as hourly, non-exempt employees.

23. Named Plaintiff and other similarly situated production/manufacturing employees worked 40 or more hours in one or more workweek(s) during the three years preceding the filing of this Complaint.

24. During their employment with Defendant, Named Plaintiff and other similarly situated production/manufacturing employees routinely handled hazardous or potentially

hazardous materials and dangerous working conditions while manufacturing and processing their respective products.

25. Named Plaintiff and other similarly situated production/manufacturing employees arrived at their respective facilities before the scheduled start of their shifts.

26. Before the scheduled start of their shifts, Named Plaintiff and other similarly situated hourly production/manufacturing employees gather and put on personal protective equipment ("PPE") and other tools such as eye protection, gloves, a headset, cutters, and other items.

27. Donning this PPE and gathering tools is Named Plaintiff's and other similarly situated production/manufacturing employees' first integral and indispensable job duty of the day, as they are working with potentially hazardous materials under dangerous conditions; donning PPE and gathering tools is inextricably intertwined with the job duties of manufacturing Defendant's products.

28. After donning their PPE and gathering their tools, Named Plaintiff and other similarly situated production/manufacturing employees would engage in their "shift passdown" process. This included speaking with the outgoing operator(s) to discuss any issues that may have occurred during the previous shift and expectations for the oncoming shift.

29. At the end of their shifts, Named Plaintiff and other similarly situated production/manufacturing employees similarly engaged in the "shift passdown" process with the incoming shift, and removed their PPE and put their tools away before leaving their respective facility. At times, Named Plaintiff and other similarly situated production/manufacturing employees, but they were not paid for all such post-shift work time.

30. Despite working before and after their scheduled shifts, Defendant did not pay Named Plaintiff and other similarly situated production/manufacturing employees for all work time.

31. Instead, Defendant generally paid Named Plaintiff and other similarly situated production/manufacturing employees based on the scheduled shifts, rather than the actual time worked.

32. During their employment with Defendant, Named Plaintiff and other similarly situated production/manufacturing employees were not fully and properly paid for all overtime wages because Defendant required its employees to perform work outside of their scheduled shifts without compensation.

**B. Regular Rate of Pay Claim**

33. During all times relevant, Defendant paid Named Plaintiff and other similarly situated production/manufacturing employees an hourly wage for hours worked ("Base Hourly Wage").

34. In addition to the Base Hourly Wage, Defendant paid its hourly production/manufacturing employees additional forms of compensation that should be included in employees' regular rates of pay to calculate overtime compensation. These additional forms of remuneration include, but are not limited to, shift differential payments ("Additional Remuneration").

35. This Additional Remuneration is required to be included in Defendant's employees' regular rate of pay calculations.

36. During relevant times, Named Plaintiff and other similarly situated production/manufacturing employees regularly received their Base Hourly Wage and Additional

Remuneration in various workweeks when they worked more than 40 hours.

37. For example, during the workweek of November 30, 2025 through December 6, 2025, Defendant compensated Named Plaintiff for 40 regular hours and 20.5 hours of overtime. Named Plaintiff's regular hours were compensated at a rate of $25.38 per hour, while his overtime hours were compensated at a rate of $38.07 per hour, or 1.5x his Base Hourly Wage of $25.38. During this workweek, however, Named Plaintiff was also paid an additional shift differential payment of $1.00 per hour for 15.75 hours. Thus, his overtime rate of pay for this workweek should have been higher than 1.5x his Base Hourly Wage if Defendant had included the Additional Remuneration.

38. When Defendant paid Named Plaintiff and other similarly situated production/manufacturing employees both their Base Hourly Wage and Additional Remuneration, Defendant failed to correctly calculate these employees' regular rates of pay for overtime pay because Defendant did not include Additional Remuneration in the regular rate calculations. Consequently, Defendant failed to properly compensate Named Plaintiff and other similarly situated production/manufacturing employees for the overtime wages in accordance with the FLSA

39. Defendant's policies described herein resulted in unpaid overtime for Named Plaintiff and other similarly situated production/manufacturing employees.

40. Named Plaintiff and other similarly situated production/manufacturing employees did not receive all overtime compensation they worked and were entitled to in weeks when they worked 40 or more hours due to the practices and policies alleged above.

7

41. During relevant times, Defendant knew of and acted willfully regarding its conduct described herein. Defendant knew that Named Plaintiff and others similarly situated worked overtime without compensation for all overtime hours.

42. The FLSA requires Defendant to maintain accurate and complete records of employees' time worked and amounts earned and paid. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7.

43. For example, federal regulations require employers to make and keep payroll records showing information and data such as the employee's name, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime compensation is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period, and date of payment and pay period covered by the payment. See 29 C.F.R. § 516.2.

44. Defendant failed to track, keep, or transmit the hours accurately worked each day by Named Plaintiff and other similarly situated production/manufacturing employees.

45. Defendant willfully transmitted inaccurate and/or incomplete records to payroll for compensation purposes, which do not include all work performed. The incorrect and/or incomplete records had the direct effect of reducing Defendant's labor costs to the detriment of Named Plaintiff and other similarly situated production/manufacturing employees.

46. Thus, Defendant willfully did not record and pay all hours worked in violation of the FLSA and violated the FLSA's recordkeeping requirements.

47. Upon information and belief, Defendant applied these same policies to all its hourly, non-exempt production/manufacturing employees at all its locations.

48. As a result of Defendant's companywide policy and/or practice described herein, Defendant knew or had reason to know that it was not compensating Named Plaintiff and other similarly situated production/manufacturing employees for all hours worked.

49. Defendant is in possession and control of the necessary documents and information from which Named Plaintiffs would be able to calculate damages, and/or Defendant otherwise failed to keep such records.

## IV.  FLSA COLLECTIVE ALLEGATIONS

50. Named Plaintiff brings his FLSA overtime claims pursuant to 29 U.S.C. § 216(b) as a representative action for himself and all other similarly situated production/manufacturing employees of the opt-in collective. The FLSA collective consists of the following:

> **All current and former hourly, non-exempt production/manufacturing employees of Defendant who were paid for at least 40 hours of work in any workweek beginning three years before the filing date of this Complaint and continuing through the final disposition of this case (hereinafter the "FLSA Collective" or "Potential FLSA Collective Members").**

51. This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation withheld in violation of the FLSA, liquidated damages, and attorneys' fees.

52. In addition to Named Plaintiff, the Potential FLSA Collective Members have been denied proper overtime compensation due to the companywide time and pay policies and/or practices described herein. Defendant failed to meet the minimum requirements of the FLSA by not paying Named Plaintiff and the Potential FLSA Collective Members overtime wages for all overtime hours worked. Named Plaintiff is representative of those other similarly situated

9

production employees and is acting on behalf of their interests as well as his own in bringing this action.

53. The identities of the Potential FLSA Collective Members are known to Defendant and are readily identifiable through Defendant's records. These individuals may readily be notified of this action and allowed to opt in to it pursuant to 29 U.S.C. § 216(b) to collectively adjudicate their claims for overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA.

54. The net effect of Defendant's policies and practices is that Defendant willfully failed to fully and properly pay Named Plaintiff and the Potential FLSA Collective Members overtime wages. Thus, Defendant enjoyed substantial ill-gained profits at the expense of Named Plaintiff and the Potential FLSA Collective Members.

V. **CAUSE OF ACTION**

**COUNT I**:
**FLSA COLLECTIVE ACTION FOR UNPAID OVERTIME**

55. All of the preceding paragraphs are realleged as if fully rewritten herein.

56. This claim is brought as part of a collective action by Named Plaintiff on behalf of himself and the FLSA Collective.

57. The FLSA requires that employees receive overtime compensation for hours worked over 40 per workweek. 29 U.S.C. § 207(a)(1).

58. During the three years preceding the filing of this Complaint, Defendant employed Named Plaintiff and the Potential FLSA Collective Members.

59. Named Plaintiff and the Potential FLSA Collective Members regularly worked in excess of forty (40) hours in workweeks.

60. Defendant violated the FLSA with respect to Named Plaintiff and the FLSA

Collective by failing to compensate them for overtime wages for all hours worked over 40 hours in a workweek because of Defendant's policies and/or practices described herein.

61. Defendant also violated the FLSA by failing to maintain and preserve payroll or other records containing, among other things, the hours worked each workday, and the total hours worked each workweek. *See* 29 C.F.R. §§ 516.2, *et seq*.

62. Named Plaintiff and the Potential FLSA Collective Members were not exempt from receiving FLSA overtime benefits.

63. Defendant knew or should have known of the overtime payment requirements of the FLSA. Despite such knowledge, Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the Potential FLSA Collective Members are entitled.

64. The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay Named Plaintiff and the Potential FLSA Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant or were not kept by Defendant.

65. As a direct and proximate result of Defendant's conduct, Named Plaintiff and the Potential FLSA Collective Members have suffered and continue to suffer damages. Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest, attorneys' fees, and all other remedies available on behalf of himself and the Potential FLSA Collective Members.

## VI. PRAYER FOR RELIEF

**WHEREFORE**, Named Plaintiff requests judgment against Defendant and for an Order:

A. Directing Defendant to provide all relevant policies and procedures regarding timekeeping and compensation, as well as all payroll, remuneration, timekeeping, and related records of the Potential FLSA Collective Members;

B. Directing Defendant to provide all contact information, including but not limited to names, dates of employment, mailing addresses, telephone numbers, and email addresses of the Potential FLSA Collective Members;

C. Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the Potential FLSA Collective Members, apprising them of the pendency of this action and permitting them to assert their rights under the FLSA timely and pursuant to 29 U.S.C. § 216(b);

D. Tolling the statute of limitations for all members of the FLSA Collective from the date on which this matter was initially filed until the date on which they file consent to join forms;

E. Finding that Defendant failed to keep accurate records and that, as a result, Named Plaintiff and the FLSA Collective are entitled to prove their hours worked with reasonable estimates;

F. Awarding to Named Plaintiff and the FLSA Collective unpaid overtime wages to be determined at trial, together with any liquidated damages allowed by the FLSA;

G. Awarding to Named Plaintiff and the FLSA Collective costs, disbursements, and reasonable allowances for fees of counsel and experts, as well as reimbursement of expenses;

H. Awarding to Named Plaintiff and the FLSA Collective such other and further relief as the Court deems just and proper;

I. Granting Named Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery; and

J. Rendering judgment against Defendant for all damages, relief, or any other recovery whatsoever.

## JURY DEMAND

Plaintiff hereby demands a trial by a jury on all claims so triable.

Respectfully submitted,

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman
Adam C. Gedling
Tristan T. Akers
**COFFMAN LEGAL, LLC**
1550 Old Henderson Rd
Suite #126
Columbus, Ohio 43220
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com
  agedling@mcoffmanlegal.com
  takers@mcoffmanlegal.com

*Attorneys for Named Plaintiff and those similarly situated.*